FREDERICK F. LOVEJOY *v.* WATER RESOURCES
COMMISSION ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 166116

Memorandum filed August 31, 1971

*Lovejoy, Cuneo & Curtis,* of Norwalk, for the plaintiff.

*Schine, Julianelle, Karp, Gerety & Bozelko,* of Westport, for the defendants Willem and Wilhelmina vanEmmenes.

*Robert K. Killian,* attorney general, and *Brian E. O'Neill,* assistant attorney general, for the named defendant.

SADEN, J. The plaintiff appeals from the defendant commission's action in approving the application of the defendant vanEmmenes to maintain a new float and pile formation attached to an existing pile and timber pier previously authorized by the commission at Wilson Point in Norwalk. Without reciting further the allegations of the plaintiff's appeal, we have presented here the right of the plaintiff to appeal under General Statutes § 25-17.[1] The defendant vanEmmenes' plea in abatement challenges the plaintiff's right of appeal, and the plaintiff's demurrer challenges the plaintiff's right of appeal, and the plaintiff's demurrer challenges the sufficiency of the plea.

[1] "Sec. 25-17. APPEAL FROM COMMISSION. Any person, firm or corporation, whether public or private, aggrieved by any order, authorization or decision of the commission may appeal therefrom to the superior court for Hartford county within fifteen days after the issuance of such order, authorization or decision. . . ."

Section 25-17 was enacted as § 9 of Public Acts 1957, No. 554, entitled "An Act concerning the Removal of Sand, Gravel and Other Materials from Lands under Tidewaters and the Improvement of Coastal and Inland Navigation." This section was modified at the March, 1958, Special Session by Public Act No. 14, § 1, but in a manner not material here. The permit challenged here was granted under General Statutes § 25-7d, which originally was § 3 of Public Acts 1963, No. 569, entitled "An Act concerning Structures in Navigable Waters," which act contained no provision for appeal.

Only two cases of the Connecticut Supreme Court touch tangentially on the interpretation of § 25-17. They are *Bloom* v. *Water Resources Commission*, 157 Conn. 528, 534, and *Thompson* v. *Water Resources Commission*, 159 Conn. 82, 84. In *Bloom*, commenting on the lack of desirable clarity of chapter 473 of the General Statutes, which consists of Parts I and II, the court referred to the fact that Part II (§§ 25-10—25-18), "except for § 25-17," is concerned with removal of sand and gravel lying below the mean high-water mark (§ 25-11). In a footnote to the above-quoted phrase, the court says: "There is no claim by anyone that General Statutes § 25-17, which authorizes an appeal from the commission, is not both general in its nature and applicable to any action taken by the commission." The appeal in *Bloom,* supra, 535, was from the commission's actions under §§ 25-7b and 25-7d. In *Thompson,* the application granted by the commission combined requests for both filling and dredging, even though these operations were governed by different statutes. The filling operations were controlled by § 25-7d. The appeal was taken under § 25-17. No challenge was made to the applicability of § 25-17 for appeal purposes so far as a permit under § 25-7d was concerned. As the court pointed out (p. 86):

"[A]s can be seen by the statutes . . . the standards for the granting of each type of permit are quite similar."

In light of the broad language of § 25-17, which, unlike other appeal statutes such as, for example, § 25-8d, does not limit itself to any specific statute sections relating to the water resources commission, it is reasonable to assume that § 25-17 was not intended by the legislature to be narrowly restricted in scope, despite its later codification by the statute revisers in Part II of chapter 473. It would be strange indeed to allow an appeal, let us say, in *Thompson* from the grant of a dredging permit under § 25-11 and refuse it from the grant of a permit for filling under § 25-7d, when the standards involved for both permits are quite similar. The defendants' plea in abatement does not offer any persuasive reasons for making such an arbitrary distinction, nor does their brief. It may well be true that the legislature could very well "clean up" the language of these appeal statutes, but to ascribe to it a desire to draw distinctions which are purely arbitrary would be unjustified in this case.

The demurrer is sustained.